423 So.2d 1333 (1982)
James COPELAND
v.
STATE of Mississippi.
No. 53950.
Supreme Court of Mississippi.
December 22, 1982.
*1334 Ford & Ford, James O. Ford, Tupelo, James D. Minor, University, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, ROY NOBLE LEE and DAN M. LEE, JJ.
SUGG, Presiding Justice, for the Court:
This case involves an appeal of a conviction and nine year sentence imposed on the appellant for his sale of a controlled substance to an agent of the Mississippi Bureau of Narcotics.
On the night of April 4, 1979, appellant sold Agent Dennis McAnally of the Mississippi Bureau of Narcotics a quantity of 3, 4 methylenedioxy amphetamine. This substance is listed as a Schedule I drug in section 41-29-113 Mississippi Code Annotated (1972 recompiled), and its sale is prohibited by section 41-29-139 Mississippi Code Annotated (1972 recompiled). The illegal transaction was consummated at appellant's apartment in the presence of a confidential informant, Agent McAnally, and an unidentified male. Another agent, Randy Corbin, provided back-up assistance and saw Agent McAnally and the confidential informant leave the appellant's apartment. Apparently the unidentified male remained in the apartment.
Appellant was not indicted for his crime until April 30, 1980, some twelve months after the commission of the offense. After a series of continuances granted to both parties, trial began on July 28, 1981, and ended on July 29, 1981, with the jury returning a guilty verdict. Appellant's motion for a new trial was overruled and this appeal was perfected.
There is no contention on appeal that the verdict was contrary to the weight of the evidence. Appellant contends that his due process rights were violated by the yearlong preindictment delay and by the refusal of the trial court to order the state to expend reasonable efforts in good faith to locate the confidential informant. He further argues that the trial judge abused his discretion in not allowing the appellant to reopen his case, after both sides had rested, in order to present an additional witness. Lastly, he contends that the indictment failed to charge a crime.
We do not consider the merits of appellant's argument that the preindictment *1335 delay violated his constitutional guarantee of due process of law. This question is not before us because the record reveals that no objection or motion was presented to the trial court which would have alerted the judge to the fact that the delay may have prejudiced the appellant's right and which, more importantly, would have allowed the state an opportunity to justify the delay. We steadfastly refuse to depart from our rule that, we will not consider an error raised for the first time on appeal, except in exceptional cases. See Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950). Such a rule is founded, in part, on the fair assumption that an accused, in the face of incarceration, will make and preserve all objections available to him. The rule is further supported by our hesitancy to place a trial judge in error on a matter not presented to him for decision. See Ponder v. State, 335 So.2d 885 (Miss. 1976). Indeed, our ruling here is also supported by a statute enacted over one hundred years ago. Section 99-35-143 Mississippi Code Annotated (1972), first enacted in 1878, provides in part that:
A judgment in a criminal case shall not be reversed... because of any error or omission in the case in the court below, except where the errors or omissions are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court.

The present case does not come within either the statutory exception or those exceptions engrafted by this Court. Cf. Edwards v. State, 217 So.2d 14 (Miss. 1968). (This Court refused to consider the issue of a five year preindictment delay where such was not raised at the trial level.)
The next alleged error is concerned with the confidential informant who arranged the transaction, accompanied Agent McAnally to appellant's apartment and was present when the transaction was consummated. The state furnished the appellant with his name, Jim Hightower, and his possible whereabouts. This was in July, 1980. On October 8, 1980, appellant filed a motion requesting that the state furnish him with a definite location or address of the confidential informant. This motion alleged that a subpoena had been issued to compel Hightower's attendance and that counsel had exhausted all leads in trying to locate the witness, both to no avail.
Trial was originally set for October 15, 1980, but, as a result of continuances moved for by both parties, trial did not begin until July, 1981. The motion to require the state to furnish appellant with a definite address of the confidential informant was overruled by the court on May 13, 1981  some eight months after it was filed. In so doing, the court noted that at the time the informant's whereabouts were not known to the state, but that the state furnish the defendant with the information sought if and when it became available.
Under this assignment appellant argues that the furnishing of the name and possible location does not satisfy due process and that the state "should be required to undertake reasonable efforts in good faith to locate the informant."
This Court has recognized that the state in certain cases is required to disclose a confidential informant's identity, e.g., Hemphill v. State, 313 So.2d 25 (Miss. 1975), but there are no Mississippi cases which precisely address the extent and nature of the state's duty with respect to its efforts to produce a confidential informant. At a minimum, if the circumstances dictate disclosure of the identity of an informant, the state must, in good faith, disclose all information in its possession, including that of location. It would indeed be serious misconduct on the state's part to withhold or falsify such information. United States v. Williams, 496 F.2d 378 (1st Cir.1974). Moreover, in the proper circumstances, the state may acquire a duty to affirmatively show, on timely demand, its good faith. Those circumstances are not easily stated and should be developed on a case-by-case basis. See United States v. Diaz, 535 F.2d 130 (1st Cir.1976); Williams, supra. However, the duty cannot be extended to the point that it becomes incumbent on the *1336 state to guarantee the informant's presence at trial.
In the present case there is no intimation of bad faith on the state's part. The appellant did not seek to show that the state had deliberately withheld information or acted in bad faith in its compliance with the court order to furnish any available information. Absent such a showing we cannot say that the appellant's rights were violated.
The more troublesome issue facing this Court and the one which requires us to reverse this case is that the indictment did not charge a crime. In the present case the indictment charged appellant with unlawfully selling, "a quantity of methylenedioxy amphetamine, a controlled substance."
Appellant's theory under this assignment is that the indictment did not charge a crime and is void since "methylenedioxy amphetamine" as distinguished from "3, 4 methylenedioxy amphetamine" is not a controlled substance.
In support appellant relies on Brewer v. State, 351 So.2d 535 (Miss. 1977). In Brewer the appellant was convicted for delivery of a controlled substance. The indictment charged that Brewer and others "did unlawfully, willfully and feloniously, without authority of law deliver ... a certain controlled substance, to-wit: preludin." Id. at 536. Brewer did not demur or otherwise challenge the indictment but moved to dismiss the charges at the conclusion of the state's case on the ground that the indictment failed to charge him with the delivery of a substance listed in the statutory schedule. Evidence adduced at trial showed that preludin contained prenmethrazine, a substance listed in Schedule II of the Controlled Substances Act. Section 41-29-115 Mississippi Code Annotated (1972). The trial judge overruled Brewer's motion to dismiss and required the state to amend the indictment to set forth the fact that preludin contained phenmetrazine.
On appeal Brewer contended that the indictment was not amendable in that it failed to charge a crime and this Court agreed. In reversing, this Court noted that section 99-7-21 Mississippi Code Annotated (1972), applies only to matters of form and not substance and the omission complained of was one of substance. The Court then reaffirmed that,
"Every material fact and essential ingredient of the offense  every essential element of the offense  must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment." ([Love v. State] 211 Miss. [606] at 611, 52 So.2d [470] at 472). (Brewer, 351 So.2d at 536).
In sum, Brewer held that a substantive defect in an indictment cannot be cured by extrinsic proof and is not waived by the failure to demur thereto.
The state responds to this assignment of error by asserting that the omission of the numerals "3, 4" was a matter of form and therefore amendable under section 99-7-21, supra, contending the objection was waived since no demurrer was filed.
The issue presented here is identical to one presented to the Fifth Circuit of the United States Court of Appeals in United States v. Huff, 512 F.2d 66 (5th Cir.1975). Huff was indicted and convicted on two counts of offenses contained in 21 U.S.C. § 841(a)(1). Count I charged that he "did unlawfully distribute (a quantity) of 3, 4 methylenedioxy amphetamine, a Schedule I controlled substance." Count II charged that Huff and others, "did unlawfully possess, with intent to distribute (a quantity) of methylenedioxy amphetamine." Id. at 68. Huff contended that Count II was defective and void. The Court of Appeals agreed and reversed the conviction as to that count. In so holding the Court reasoned that,
[t]he addition of the numbers "3, 4" would have indeed saved this count, but we cannot regard this defect as a mere technicality, for the chemical and legal definition of these substances is itself technical and requires precision. In sum, the variance between non-criminal conduct, as alleged in Count II, and criminal *1337 conduct, which the government attempted to prove under Count II, rises above the level of form, however minute the omission may have been. See Van Liew v. United States, 321 F.2d 664, 670, 674 (5th Cir.1963). The conviction on Count II must be reversed. (Huff, 512 F.2d at 69) (Emphasis Added).
In reaching its conclusion the Fifth Circuit noted that the federal statute, 21 U.S.C. § 812 Schedule I(c)(1), listed "3, 4 methylenedioxy amphetamine" but did not list "methylenedioxy amphetamine." Moreover, there was testimony by the government chemist that "methylenedioxy amphetamine" is a different drug than the one listed in the statute.
There are of course striking similarities between Huff and the instant case. Aside from the obvious, it is noted that the federal Schedule I of Controlled Substances is identical to the Mississippi statute; as in Mississippi, indictments can be amended in federal courts for matters of form but not substance; and the standards for judging the sufficiency of an indictment are essentially the same in both jurisdictions.
In light of the holding in Brewer, and the Fifth Circuit's opinion in Huff, we hold that the indictment failed to charge a crime and is therefore void.
For the foregoing reasons, the judgment of the trial court is reversed and the appellant is remanded to the custody of the Sheriff of Alcorn County, Mississippi, to await action of the next grand jury.
REVERSED, APPELLANT REMANDED TO THE CUSTODY OF THE SHERIFF OF ALCORN COUNTY TO AWAIT ACTION OF THE NEXT GRAND JURY.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.