599 So.2d 930 (1992)
Malcom (Malcolm) ROGERS
v.
STATE of Mississippi.
No. 90-KA-0690.
Supreme Court of Mississippi.
March 25, 1992.
Rehearing Denied June 17, 1992.
*932 Herman F. Cox, McGuire & Cox, Gulfport, for appellant.
Michael C. Moore, Atty. Gen. and Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BANKS, JJ.
BANKS, Justice, for the Court:

INTRODUCTION
This appeal came before this Court from the Circuit Court of Jackson County. There, Malcolm Rogers (Rogers) was convicted on May 22, 1990, for distributing a controlled substance, crystal methamphetamine, to an undercover informant, Robbie Nelson (Nelson). Rogers was sentenced to serve a term of twenty-five (25) years with the Mississippi Department of Corrections and fined Five Hundred Thousand Dollars ($500,000). Aggrieved by the lower court's decision, Rogers appealed to this Court assigning nine (9) issues as error.

ANALYSIS

I.
Rogers' first assignment of error is that the trial court erred in overruling the defendant's Motion for a Directed Verdict at the close of the State's case and in overruling his Motion for a Judgment Notwithstanding the Verdict, or in the alternative, Motion for a New Trial because the prosecution failed to prove its case against him and the verdict was against the overwhelming weight of the evidence, in that the verdict evinced bias and prejudice against the defendant.
Once a party moves for a directed verdict or judgment notwithstanding the verdict, the trial court must examine all the evidence in the light most favorable to the state. Pate v. State, 557 So.2d 1183, 1184 (Miss. 1990) (citing McFee v. State, 511 So.2d 130, 133-34 (Miss. 1987)). The motion for a new trial is an altogether different animal. While a motion for judgment notwithstanding the verdict presents to the court a pure question of law, the motion for a new trial is addressed to the trial court's sound discretion. That as a matter of law the motion for judgment notwithstanding the verdict must be denied in no way affects and little informs the trial judge regarding his disposition of the motion for a new trial.
Rogers argues that the State failed to establish that the substance he was charged with in the indictment was, in fact, crystal methamphetamine and a controlled substance. He submits that during the trial, the crime lab expert did not identify the substance as being solely methamphetamine but testified that the substance was a combination of amphetamine and methamphetamine. In the case of Copeland v. State, 423 So.2d 1333, 1336 (Miss. 1982), we reaffirmed the following rule of law pertaining to charges in an indictment:
Every material fact and essential ingredient of the offense  every essential element of the offense must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment.
In Copeland, the appellant sold a quantity of 3, 4 methylenedioxy amphetamine, a controlled substance to an undercover narcotics agent. The indictment charged the defendant with unlawfully selling a quantity of methylenedioxy amphetamine, a controlled substance. The defendant asserted *933 that the indictment did not charge a crime and thus was void since methylenedioxy amphetamine is not a controlled substance. This Court agreed and reversed the conviction.
In reaching this decision, we relied on the Fifth Circuit case of United States v. Huff, 512 F.2d 66 (5th Cir.1975). The issue in Copeland was identical to the one presented in Huff. In Huff, the appellant was indicted and convicted on two counts of violation of a federal statute. Count II of the indictment charged Huff with "unlawful possession, with intent to distribute (a quantity) of methylenedioxy amphetamine." The Court of Appeals reversed the conviction on Count II and stated:
[t]he addition of the numbers "3, 4" would have indeed saved this count, but we cannot regard this defect as a mere technicality, for the chemical and legal definition of these substances is itself technical and requires precision.
Copeland v. State, 423 So.2d at 1336 (quoting from United States v. Huff, 512 F.2d at 69.)
In the case at bar, the indictment does in fact state a drug which was listed as a controlled substance under the statute. Rogers' indictment charged him with distribution of a controlled substance, crystal methamphetamine. Miss. Code Ann. § 41-29-115(a), (c)(3) (1972) provides: "Any substance which contains any quantity (emphasis added) of methamphetamine, including its salts, isomers, and salts of isomers" is considered a Schedule II controlled substance. Rogers' argument that the word "crystal" should be construed as being a drug separate from methamphetamine is meritless. The statute is patently clear that a drug which contains any amount of methamphetamine is considered a controlled substance. In Copeland, the numbers of the drug "3, 4" were essential terms associated with the type of the drug. In the instant case however, the term `crystal' is not essential to the type of the drug, because the statute makes it a crime if any amount of methamphetamine is present.
Rogers also presents the argument that the state did not offer any proof at trial as to what kind of schedule controlled substance crystal methamphetamine was. We held in Thomas v. State, 377 So.2d 593, 594 (Miss. 1979), that sufficient proof existed where a drug was listed as a controlled substance under the laws of this state pursuant to Miss Code Ann. § 41-29-119 (1972). In the case at bar, the expert testified that the substance contained amphetamine and methamphetamine. Under § 41-29-115(a), (c)(3) of Miss Code Ann. (1972), methamphetamine is listed as a controlled substance. At trial, it was established that the bag containing the methamphetamine was recovered from Nelson, while the money was recovered from Rogers. Since the statute clearly lists the drug in question as a controlled substance, Rogers' claim lacks merit.
Rogers urges this Court to find that a material variance existed between the indictment returned against him and the evidence offered by the State. He states that the indictment reflects that he was indicted for distribution of crystal amphetamine, a controlled substance, but that the proof evinced a sale of the substance identified as amphetamine and methamphetamine. Rogers cites Jones v. State, 279 So.2d 650, 651 (Miss. 1973), where the defendant was indicted on a charge of sale of marijuana by the grand jury. Before the trial commenced, the prosecution made a motion to amend the indictment to strike the word "sell" in the indictment and to substitute the words "deliver and possess." The defense counsel argued that the amendment substituted one charge for a new charge, which the grand jury did not consider, and that the lower court possessed no authority to change the charge. This Court reversed and remanded the conviction, noting the following:
We also agree that the trial court cannot amend an indictment so as to change the charge made in the indictment to another crime, except by the action of the grand jury who returned the indictment.
The motion for new trial should have been sustained; because although the charge of possession and delivery of marijuana, *934 the indictment actually charged the crime of sale of marijuana. There was no testimony in the record showing a sale of marijuana.
279 So.2d at 651, 652.
We find Jones inapplicable to the instant case. There, the amendment changed the crime. However, in this instance, the State did not change the indictment. Rogers was charged in the indictment with:
... unlawfully, wilfully, knowingly and feloniously distribute a certain controlled substance without authority of law, to-wit: crystal methamphetamine to Robert Nelson and receive ... the sum of $500.00 in good and lawful money of the United States of America."
The word "distribute" as stated in the statute and the indictment includes transactions which are sales as well as transactions which may not be considered sales. The State's proof established that Rogers distributed crystal methamphetamine to Nelson. Thus we hold that there was no material variance but that the indictment conformed to the evidence which was set forth at trial.
In reviewing the evidence in the light most consistent with the state, we hold that the trial court did not err in overruling Rogers' motion for a directed verdict, or judgment notwithstanding the verdict and that the motion for new trial was properly denied.
Rogers put forth the contention that the proper chain of custody was not laid. However, he did not support his contentions with any legal citations. We have repeatedly held that we are under no obligation to consider errors without citation to authority. Brown v. State, 534 So.2d 1019 (Miss. 1988). See also Clark v. State, 503 So.2d 277 (Miss. 1987); Kelly v. State, 463 So.2d 1070 (Miss. 1985); Redmon v. State, 457 So.2d 1344 (Miss. 1984). Because Rogers has failed to cite authority for his contention, we will not address it on review.

II.
Rogers' second issue for review is that the court erred in refusing defense instruction # D-1, which was a request for a peremptory instruction of not guilty. Rogers asserts that based on the authorities and argument set forth in Issue I, the Court was in error in refusing to grant the requested jury instruction.
In addressing challenges to a denial of peremptory instruction of not guilty, the standard of review is the same as that for challenges to a directed verdict.
The general rule is that all instructions must be supported by evidence. Where an instruction is not supported by evidence, it should not be given. Hicks v. State, 580 So.2d 1302 (Miss. 1991); citing Dennis v. State, 555 So.2d 679, 683 (Miss. 1989); Moffett v. State, 540 So.2d 1313 (Miss. 1989); Nicolaou v. State, 534 So.2d 168 (Miss. 1988). Furthermore, we have held that to grant an instruction which is unsupported by evidence constitutes error. Hicks, 580 So.2d at 1306; citing Lancaster v. State, 472 So.2d 363, 365 (Miss. 1983). In reviewing the evidence, we found the State's proof sufficient to establish that Rogers was guilty of the crime as charged and that Rogers did not present evidence with which to refute the lower court's finding. In fact, Rogers conceded to having distributed the drug to Nelson. Thus, we hold that the lower court properly overruled the request for a peremptory instruction of not guilty.

III.
Next, Rogers assigns that the trial court erred in overruling the defendant's motion to suppress the drugs, money and statements made by him. Rogers contends that the police officers lacked probable cause to arrest him based on the following reasons:
(1) None of the surveillance officers saw the drug transaction occur, (2) None of the officers could see who was in the hardware store because none of them were in there, (3) The officers did not hear his name mentioned over the body microphone during the transaction, (4) None of the surveilling officers testified that they recognized Rogers' voice while listening to the transaction take place inside the store, (5) None of the officers *935 were present when Nelson allegedly made phone contact with Rogers to arrange this matter.
Therefore all evidence obtained from him and any and all other evidence, was improperly admitted by the trial court.
For an arrest to have been lawful, it is not necessary that the information the officer had at the time of the arrest be sufficient to sustain a conviction of the crime charged. Jones v. State, 461 So.2d 686, 695 (Miss. 1984). In reciting the standard for probable cause, we held in Henry v. State, 486 So.2d 1209 (Miss. 1986):
Under our law an officer may arrest any person without a warrant when he has reasonable grounds to suspect that a felony has been committed and to believe the person proposed to be arrested to have committed it. See also, Miss. Code Ann. § 99-3-7 (1972). Reasonable grounds to believe that the person proposed to be arrested is an essential ingredient of the officer's authority under this statute.
486 So.2d at 1219.
Granted, none of the officers actually saw the transaction when it took place. However, the conversation between Rogers and Nelson was being monitored by the agents during the transaction. Additionally, the agents testified that they had surrounded the building in their cars to monitor the entrance and exit of anyone on the premises. Before the arrest, Nelson gave the signal, "[t]his is good stuff" in order to alert the agents that the crime had occurred. There was no one other than Rogers in close proximity to informant Nelson when the agents arrived. In light of these facts, we find that sufficient probable cause existed to believe that a felony had been committed and that the trial court was correct in refusing to suppress the evidence.

IV.
Rogers' fourth issue is that the trial court erred in overruling his demand for a preliminary hearing. Rogers was arrested for the distribution of crystal methamphetamine on September 15, 1989. A preliminary hearing was set for November 21, 1989, in Jackson County. Prior to the preliminary hearing being held, the subject charge was dismissed by the county attorney upon the request of the arresting officer in this case. A dismissal order was entered on November 21, 1989. One of the narcotics agents involved requested that the county attorney nolle prosse the charge. Rogers was not subsequently recharged with this offense prior to the indictment. Rogers submits that as a result of these actions, he was denied a preliminary hearing and was thus prejudiced.
In Avery v. State, 555 So.2d 1039 (Miss. 1990) this Court clarified the law in Mississippi regarding preliminary hearings. There, we reaffirmed the premise that one of the primary purposes of a preliminary hearing is: "To permit the defendant to confront his accusers." Id., at 1042. Citing from Shook v. State, 552 So.2d 841, 850 (Miss. 1989); Herring v. State, 522 So.2d 745, 751 (Miss. 1988). The practical effect of a preliminary hearing is to afford the defendant an opportunity for limited pre-trial deposition of key prosecution witnesses. Avery, 555 So.2d at 1042. In Avery, we held that although Avery was denied the right to a preliminary hearing, there was no prejudicial error which required this Court to reverse his conviction. Avery enjoyed more opportunity for confrontation and discovery than would have ordinarily been the case, because he had had a previous trial which ended in a mistrial. Id., at 1043.
We find based on the application of Avery to the case at bar, no prejudicial error occurred to Rogers. Rogers was afforded ample opportunity through his pre-trial hearings to confront the State's witnesses. Likewise Rogers could have used this opportunity to subpoena Nelson to ascertain the gist of Nelson's testimony. For reasons unbeknownst to this Court, he chose not to invoke that privilege. Based on this decision, we find that Rogers was entitled to a preliminary hearing, but that he was not prejudiced by the lack of one.

*936 V.
Rogers' fifth assignment is that the trial court erred in overruling his motion to dismiss/quash the indictment and/or demur to the indictment. Rogers maintains that the minutes of the circuit court did not reflect that a foreman was appointed, nor that the foreman was given the oath as required by Miss. Code Ann. § 13-5-45, (1972). The Code provides for the court to appoint one of the grand jurors to be foreman of the grand jurors, and for an oath to be administered in open court, in the presence of the other grand jurors. The same oath is then administered to the other grand jurors. Miss. Code Ann. § 13-5-45.
Albeit, the record is void of a showing that Paul Ross was appointed as foreman, his name is listed along with the other sworn grand jurors. This fact raises the presumption that if the other grand jurors were sworn and his name was listed among theirs, he, too, must have been sworn. Mr. Ross' name was listed on the indictment as the grand jury foreman. In addition, he signed the grand jury report and indictment in the slot where the foreman signs. The statute does not provide that the court minutes shall reflect that a grand jury foreman was appointed and sworn. Absent a requirement and in light of the facts presented, we hold that the trial court did not err in overruling Rogers' Motion to Dismiss/Quash Indictment and/or Demur to the indictment.

VI.
Rogers' sixth assignment is that the trial court erred in sentencing him to twenty-five years' imprisonment and fining him $500,000. Rogers argues that the punishment imposed in this case is disproportionate to the offense. He further submits that should the conviction be upheld in this case, that this cause be remanded for resentencing and that the appropriate sentencing hearing be conducted so that the court can have a proper basis to impose the sentence. We find that the sentence Rogers received was correctly fixed within the realm of Miss Code Ann. § 41-29-139(b)(1) and thus was not disproportionate to the crime charged.

VII.
Rogers' seventh assignment is that the trial court erred in overruling his objections to improper comments made during the State's closing arguments.
Rogers contends that during closing arguments, counsel for the state made the following comment to the jury about the defendant's not testifying: "That's what you have got before you, and that's all you have got before you. All the evidence in this case points to one thing and one thing only." Miss Code Ann. § 13-1-9 (1972), provides:
The accused shall be a competent witness for himself in any prosecution for crime against him. The failure of the accused, in any case, to testify shall not, however, operate to his prejudice or be commented on by counsel.
In Peterson v. State, 357 So.2d 113, 115 (Miss. 1978) we noted the test for improper comments:
the test is whether the language can be reasonably construed to be a comment upon the failure of defendant to take the stand.
This Court has stated before, if an accused does not testify, it cannot be commented on by the state. Id. We fail to view the state's comments as relating to the failure of Rogers to take the stand. Instead, the comments made related to the evidence presented in the trial by both the state and defense as a whole. Thus, we find that this argument lacks merit.

VIII.
Rogers' eighth assignment of error is that the trial court erred in failing to require the state to produce a complete synopsis of any oral statement made by the witness, Robert Nelson, and further erred by allowing certain testimony to be offered by Nelson, since the state did not furnish same pursuant to the discovery motion and verbal requests in the record of counsel for the defendant.
Rogers concedes that the state provided his counsel with a partial synopsis of statements that Nelson made to the authorities *937 regarding the transaction with the discovery rules of 4.06, Uniform Rules of Circuit Court Practice. However, Rogers contends that it became obvious to him as the pre-trial motions, that the agents had interviewed Nelson prior to the drug transaction taking place and after it had been completed. It is these statements which Rogers claim the state failed to give him a synopsis which would enable him to prepare for his case.
"The purpose of the Uniform Criminal Rule 4.06 is to avoid unfair surprise to either the state or the defendant at trial." See generally, Ryan v. State, 525 So.2d 799, 802 (Miss. 1988), citing from Acevedo v. State, 467 So.2d 220, 223 (Miss. 1988). Rogers was given a letter by the prosecution which contained a synopsis of what Nelson was going to testify about during trial. The content of Nelson's trial testimony was almost verbatim to the contents of the letter. There was nothing more, nothing less. Nelson was not questioned on direct or cross about events which occurred before the drug transaction. In addition, Agent Wilson testified at the pre-trial motions about the conversation with Nelson before the transaction. Rogers learned of this conversation at this time and was thus put on notice as to the conversation between the agents and Nelson. As a result, there was no unfair surprise to Rogers. We find that the conversation between Nelson and the agents before the transaction arose were not shown to be statements which fall within the context of the requirement of Rule 4.06. Thus, we find issue eight lacking in merit.

IX.
Rogers' last assignment of error is that the trial court erred in granting state's instructions S-2 and S-3. Rogers contends that S-2 should not have been granted because the instruction charged him with distributing crystal methamphetamine a drug which is not a controlled substance. This contention has been discussed with reference to Rogers' request for a directed verdict. It is without merit. We decline to address the merits of S-3 because Rogers waived his right to raise this objection on appeal by failing to make an objection to the instruction at the trial below. See Brown v. State, 534 So.2d at 1023.
After reviewing Rogers' assignments and finding none to be meritorious, we affirm the judgment of the lower court.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.
McRAE, J., concurs in part and dissents in part by separate written opinion, joined by HAWKINS, P.J., and PITTMAN, J.
McRAE, Justice, concurring in part/dissenting in part:
I concur with the majority opinion except for Assignment IV, concerning Rogers' contention that the trial court erred in overruling his demand for a preliminary hearing.
It is my opinion that the decision in Avery v. State, 555 So.2d 1039 (Miss. 1990), while allowing a preliminary hearing after a person has been indicted, should be overruled in that the rules do not provide for such a vehicle. Only prior to an indictment is the defendant entitled to a preliminary hearing. See Uniform Criminal Rules of Circuit Court Rule 1.04 which stipulates that an arrested person shall be taken before a judicial officer, who shall inform the defendant of his right to a preliminary hearing and, at that time, a preliminary hearing may be set. See also Uniform Criminal Rules of Circuit Court Rule 1.07 which provides for the preliminary hearing to be held before a judicial officer and sets out the procedure for such hearing. Nowhere in either of these two rules is a preliminary hearing allowed after an indictment. Robinson v. State, 585 So.2d 735 (Miss. 1991) (McRae, J., Specially Concurring).
HAWKINS, P.J., and PITTMAN, J., join this opinion.