950 So.2d 243 (2007)
Jason TURNER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02386-COA.
Court of Appeals of Mississippi.
February 27, 2007.
*245 Daniel Christopher Jones, attorney for appellant.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before LEE, P.J., IRVING, BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. Jason Turner was convicted in the Circuit Court of Simpson County of two counts of selling cocaine. He was sentenced to a term of ten years for each count, to run concurrently, in the custody of the Mississippi Department of Corrections. Turner appeals, contending that (1) the testimony of the confidential informant should have been heard at trial, (2) the trial court erred in admitting into evidence cocaine bags and transcriptions of audiotapes, and (3) the trial court erred in failing to sustain a motion for directed verdict, judgment notwithstanding the verdict ("JNOV"), or in the alternative, motion for a new trial. We find no error and affirm the conviction and sentence.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On September 18, 2003, Turner was indicted for two counts of sale of cocaine under Mississippi Code Annotated section 41-29-139 (Rev.2001). Officer Barry Coward, a criminal investigator with the Mississippi Bureau of Investigation who was working undercover, testified that Turner sold him crack cocaine on two separate occasions in Magee, Mississippi. Colloquies of both transactions were audiotaped and monitored by Simpson County Sheriff's Department narcotics task force officer, Randy Crawford.
¶ 3. On the evening of December 11, 2002, Officer Coward was accompanied by a confidential informant, Todd Barrett, in an undercover automobile in order to introduce Coward to Turner and to make an undercover drug purchase. Officer Coward testified that he purchased three grams of crack cocaine from Turner at this meeting, and made another undercover drug purchase of three grams of crack cocaine from Turner, unaccompanied by Barrett, on the evening of December 17, 2002. Officer Crawford did not witness either transaction, but listened nearby via a body wire worn by Officer Coward. On the audiotape recording of the first purchase, Turner was addressed by first name during the drug buy. The Mississippi Crime Lab later confirmed that the substance in the bags purchased both evenings was crack cocaine.
¶ 4. After his indictment on September 7, 2004, Turner filed a motion to compel disclosure of the confidential informant's name, address, occupation, and previous criminal record. An agreed order was issued on September 30, 2004, whereby the State agreed to reveal the name of the confidential informant in the automobile with Officer Coward at the first transaction. On October 7, 2004, in the Circuit Court of Simpson County, Turner's trial began. The State called officers Coward and Crawford to testify, as well as two forensic scientists from the Mississippi Crime Lab. Officer Coward made an in-court identification of Turner as the person who sold him the drugs. The two forensic scientists testified the substance in the bags purchased was crack cocaine and explained the procedure taken to ensure there was an authenticated chain of custody once the bags arrived at the lab. The State introduced into evidence two bags of *246 crack cocaine weighing 2.9 and 2.0 grams. The State also introduced into evidence audiotapes of the two drug purchases, as well as transcriptions of each tape. Turner introduced into evidence two drug case offense reports, which were submitted to the district attorney, stating the amount of cocaine purchased was 3.0 grams during each buy. These amounts conflicted with the amounts submitted to the State Crime Lab, by 0.10 and 1.0 grams respectively. After the State rested, Turner moved for a directed verdict, which the court denied. The defense did not call any witnesses. The jury returned a verdict of guilty on both counts of selling cocaine. Turner was sentenced to ten years for each count, to run concurrently, in the custody of the Mississippi Department of Corrections. Turner filed a motion for JNOV or, alternatively, a new trial, which was denied. Turner now appeals from his conviction and sentence.

ISSUES AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN FAILING TO HAVE THE TESTIMONY OF THE CONFIDENTIAL INFORMANT HEARD.
¶ 5. This Court's standard of review for the admission or exclusion of evidence by the trial court is very limited. The trial judge has a great deal of discretion in evaluating the relevancy and admissibility of evidence. Jefferson v. State, 818 So.2d 1099, 1104(¶ 6) (Miss.2002). "Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse" the trial judge's rulings. Id. (citing Hughes v. State, 735 So.2d 238, 270 (¶ 134) (Miss.1999)).
¶ 6. In his motion for JNOV or, alternatively, a new trial, Turner claims the testimony of the confidential informant, Barrett, should have been heard. Barrett did not testify because he could not be located by Turner's defense counsel to be served a subpoena. The State had not provided Barrett's address and phone number. However, according to the circuit court docket, the subpoena for Barrett was issued on the same day as the agreed order, September 30, 2004, and the agreed order only required the identity of Barrett, not his address. During cross-examination, Officer Coward stated he did not know the address, phone number or location of Todd Barrett. Turner maintains that if Barrett could have been located, he would have testified at trial that Turner was not the man who sold cocaine to Officer Coward. Without Barrett's testimony at trial, Turner claims he was prejudiced.
¶ 7. Disclosure of a confidential informant's identity is not required unless the confidential informant is to be produced at hearing or trial, or failure to disclose his or her identity will infringe on the constitutional rights of the accused, or the informant is an eyewitness to the events which lead to the charges against the defendant. URCCC 9.04(B)(2). If the informant "is not a material witness to the guilt or innocence of the accused," disclosure is within the discretion of the trial court. Graves v. State, 767 So.2d 1049, 1052(¶ 10) (Miss.Ct.Ap.2000). However, where "the informer is an actual participant in the alleged crime, the accused is entitled to know who he is." Id. (citing Read v. State, 430 So.2d 832, 836 (Miss. 1983)). Additionally, when the disclosure of the confidential informant's identity is warranted, "[a]t a minimum, . . . the [S]tate must, in good faith, disclose all information in its possession, including that of location." Copeland v. State, 423 So.2d 1333, 1335 (Miss.1982) (emphasis added). Yet, there are no Mississippi cases which specify the extent of the State's duty regarding its efforts to produce *247 a confidential informant. Id. In certain cases the State may have a duty to show its good faith, but this requirement will be developed only on a case-by-case basis. Id. However, this duty shall not be expanded to require the State to produce the informant at trial. Id. at 1335-36.
¶ 8. In our case, since the confidential informant introduced Officer Coward to the drug dealer, he was both a participant and an eyewitness to the drug purchase. Therefore, the disclosure of his identity was required. The State complied with this requirement and provided Turner with the informant's identity pursuant to the agreed order of September 30, 2004. There is no transcript of the hearing of the agreed order; however, the order did not require the State to provide the address, occupation, or criminal record of the confidential informant, as the defense had requested in its motion to compel disclosure. The transcript from a pre-trial hearing on October 7, 2004, indicates that the defense agreed to the State's disclosure of the confidential informant's identity only. The record does not indicate any complaint by Turner between the date of the agreed order and the trial over the location of Barrett.
¶ 9. It was not until after the trial, in a motion for JNOV or, alternatively, a new trial, that Turner then accused the State of knowing where the confidential informant was but failing to state his whereabouts or produce an address or telephone number. This Court is to presume that the State acted in good faith, and the defendant has the burden of proving the State acted in bad faith regarding disclosure of this information. Copeland, 423 So.2d at 1336. In this case, Turner did not present any evidence that the State deliberately withheld information about the informant's whereabouts and thereby acted in bad faith regarding disclosure of "all information in its possession, including that of location." See id. at 1335. Nor did Turner move for a continuance in order to obtain more information on the informant's whereabouts. Unlike the case authority cited by Turner in his brief, the State here complied with the agreed order by divulging the informant's identity. This information, however, proved to be insufficient to locate Barrett. Turner failed to offer any proof of bad faith on the part of the State. This issue is without merit.
II. WHETHER THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE THE COCAINE BAGS AND TRANSCRIPTIONS OF AUDIOTAPES OF THE DRUG PURCHASE.
¶ 10. The standard of review for the relevancy and admission of evidence by the trial court is abuse of discretion. Reynolds v. State, 784 So.2d 929, 932(¶ 7) (Miss. 2001) (citing Weaver v. State, 713 So.2d 860, 865(¶ 31) (Miss.1997)). Unless the trial court abuses that discretion, the trial court's decision will not be disturbed on appeal. Towner v. State, 837 So.2d 221, 225(¶ 13) (Miss.Ct.App.2003). Only when the admission or exclusion of evidence prejudices the accused will the trial court's decision be reversed. Id. (quoting Jackson v. State, 594 So.2d 20, 25 (Miss.1992)).
¶ 11. During trial, Turner's counsel objected to the admission of the two cocaine bags into evidence. While he admitted the bags contained cocaine, he denied that they came from Turner. The judge overruled these objections. On appeal, Turner claims this evidence's admission prejudiced him.
¶ 12. Turner was convicted under section 41-29-139(a)(1), which states "it is unlawful for any person knowingly or intentionally . . . [t]o sell, barter, transfer *248 . . . dispense or possess with intent to sell . . . a controlled substance." Miss.Code Ann. § 41-29-139(a)(1) (Rev.2001). In order for the State to prove that what was sold to Officer Coward was a controlled substance, it was proper for the bags of that substance to be submitted into evidence. It was then the province of the jury to decide, as a question of fact, whether or not the substance came from Turner. We find no error in the trial court's admission into evidence of the two bags of cocaine.
¶ 13. As for the transcriptions of the audiotapes of the drug purchase, Turner's counsel objected to their admission at trial because the defense was not provided the entire transcriptions from the beginning to the end of the tapes. At trial, however, Officer Coward testified that the transcriptions accurately reflected what was said on the tapes. The only discrepancy was that the transcriber had not transcribed some conversation between Coward and Barrett on their way to the first buy. At trial, though, the jury was played both of the tapes in their entirety, including the pre-buy conversation at issue.
¶ 14. Transcripts of audiotapes, as a guide to a tape recording, may be introduced into evidence for the same purpose that an expert witness's testimony is introduced: as a device to help the jurors understand other types of real evidence. United States v. Onori, 535 F.2d 938, 947 (5th Cir.1976). When there is a disagreement about the accuracy of the transcript between the defense and the prosecution, "the proper procedure is for the jury to receive transcripts of both sides' versions." Id. at 948 (quoting United States v. Chiarizio, 525 F.2d 289, 293 (2nd Cir.1975)).
¶ 15. Here, although Turner disagreed with the accuracy of the tapes, he did not offer into evidence his own version of the tapes for the jury to evaluate. Furthermore, we find Turner was not prejudiced by the exclusion of the pre-buy colloquy of the first transaction between the officer and the informant. The trial court did not err in admitting the transcriptions. This issue is without merit.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE MOTION FOR DIRECTED VERDICT, MOTION FOR JNOV, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL.
¶ 16. During the trial, Turner moved for a directed verdict at the close of the State's case-in-chief, which the judge denied. After the jury returned a guilty verdict, Turner filed a motion for JNOV or, in the alternative, motion for a new trial, which was denied as well.
¶ 17. A directed verdict and a motion for JNOV challenge the sufficiency of the evidence presented to the jury. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The standard of review is the same for evaluating a directed verdict and JNOV. McClendon v. State, 852 So.2d 43, 46-47(¶ 11) (Miss.Ct.App.2002) (citing Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss. 1995)). This Court is required "to reverse and render where the facts point overwhelmingly in favor of the appellant that reasonable men could not have found appellant guilty." Id. at 47. Alternatively, this Court is required to affirm the trial court's denial "where substantial evidence of such quality and weight exists to support the verdict and where reasonable and fair minded jurors may have found appellant guilty." Id. The standard of review requires this Court to consider the evidence in the light most favorable to the State, giving the State "the benefit of all favorable inferences that may be reasonably *249 drawn from the evidence." Id. at 47. All credible evidence supporting the defendant's guilt should be accepted as true. McClain, 625 So.2d at 778.
¶ 18. Unlike a motion for a directed verdict or JNOV, a motion for a new trial challenges the weight of the evidence. Sheffield v. State, 749 So.2d 123, 127(¶ 16) (Miss.1999). This Court's standard of review of a trial court's denial of a motion for a new trial is abuse of discretion. Johnson v. State, 904 So.2d 162, 167(¶ 11) (Miss. 2005) (quoting Esparaza v. State, 595 So.2d 418, 426 (Miss.1992)). A new trial will not be awarded unless "the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Id.
¶ 19. Turner maintains that this is a case of mistaken identity and that the weight and sufficiency of the evidence presented to the jury were inadequate to convict him. He points to the fact that the jury was not given a description of the accused by Officer Coward. Instead, Coward only identified Turner in-court as the man who sold him the drugs. Turner notes that Officer Coward could not identify the type of pants or jacket the dealer was wearing. At trial Officer Coward also admitted it was dark and he did not shine a flashlight on the dealer's face, nor was a videotape taken by law enforcement officers of the transaction. Turner also attacked discrepancies in the weight of the cocaine as measured in the drug offense case reports as opposed to the weight of the cocaine in the Mississippi Crime Lab reports, thereby suggesting the evidence had been tampered with.
¶ 20. Yet, at trial, Officer Coward identified Turner twice as the man who sold him the drugs on the two separate occasions. The State elicited detailed testimony of the purchases from the two officers working the undercover sting operation. Audiotapes and their transcriptions were introduced by the State of the two sales. In the audiotape of the first transaction, Turner's first name "Jason" is called out by a third party. The State's experts identified the substance Coward bought as cocaine base. The discrepancies in the weight of the cocaine in the reports was minimal and not relevant to Turner's guilt or innocence under this statute, since there is no minimum quantity of cocaine specified for conviction. See Miss.Code Ann. § 41-29-139(a)(1) (Rev.2001). Based on the evidence, we find a reasonable jury could have properly rejected any inference of tampering raised by the discrepancies in the weight of the cocaine.
¶ 21. If viewed in the light most favorable to the State, the evidence presented at trial is sufficient to warrant the trial court's denial of Turner's motion for a directed verdict and JNOV. Regarding the motion for a new trial, allowing Turner's conviction to stand would certainly not sanction an unconscionable injustice, when the weight of the evidence in support of the jury's guilty verdict, which was substantial, is considered. Thus, the trial court did not err in denying Turner's motions for directed verdict, JNOV, or a new trial.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY OF CONVICTION OF TWO COUNTS OF THE SALE OF COCAINE AND SENTENCE OF TEN YEARS FOR EACH COUNT TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, *250 ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.