# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01785-COA

**TREVOR HOSKINS A/K/A TREVOR KENVATTERI HOSKINS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/07/2013 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES ERIN ELIZABETH PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | WILLIE DEWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF DOMESTIC AGGRAVATED ASSAULT AND SENTENCED TO TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCE TO RUN CONSECUTIVELY TO ALL TIME TO BE SERVED IN WASHINGTON COUNTY CAUSE NUMBER 2012-0315, AND TO PAY $10,656.62 IN RESTITUTION AND $500 TO THE CRIME VICTIMS' COMPENSATION FUND |
| DISPOSITION: | AFFIRMED - 08/18/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**JAMES, J., FOR THE COURT:**

¶1.     Trevor Hoskins was indicted on one count of aggravated domestic assault. After a jury trial, he was convicted and sentenced to twenty years, to be served in the custody of the Mississippi Department of Corrections. Hoskins's sentence was ordered to run consecutively to the time imposed in another case.[1]  On appeal, Hoskins raises the following issues: (1) whether the trial court erred in allowing the prosecution to substantially amend the indictment by adding an essential element to charge Hoskins with domestic aggravated assault, and (2) whether the trial court improperly allowed Linda Taylor's testimony to be used as character evidence against Hoskins. Finding no error, we affirm.

**FACTS**

¶2.     On July 4, 2012, around 6 a.m., Armilla Lucius called the police to her home. When the police arrived, she told them that someone had beaten her, and that the person was in the bedroom asleep. Officers who had arrived at the scene testified that Lucius had dried blood on her, her foot was turned at an unnatural angle, and she crawled to answer the door. When officers reached the bedroom, they found a male asleep in the bed wearing what appeared to be a green or olive green sleeveless shirt and boxers. The shirt ended up being a gray shirt in brighter light. The police immediately detained him, and he was identified as Hoskins. Hoskins was arrested, and Lucius was taken to the hospital. Lucius sustained several severe injuries: a broken right arm, a broken left leg, a broken nose, and a laceration on her skull.

¶3.     Lucius testified that after Hoskins dropped her off at home after work, she watched

---

[1] *See State v. Hoskins,* 2013-KA-00912-COA, 2015 WL 326708, *7 (¶36) (Miss. Ct. App. Jan. 27, 2015) (affirming conviction of domestic aggravated assault in Washington County Circuit Court case number 2012-0315). Hoskins also filed a motion for enlargement of time on June 15, 2015.

TV and fell asleep. She was awoken by Hoskins hitting her on the head with a beer bottle. Lucius attempted to flee, but Hoskins struck her with a baseball bat and continued to assault her. At some point, however, he went to sleep in the bedroom.

¶4. Before trial, the State filed a motion to amend the indictment to add the words "['']who had a romantic relationship with or was the girlfriend to Trevor Hoskins at the time of the aggravated assault['] after the words 'a person,' in the indictment." The trial court granted the motion finding that the amendment was to the form and not to the substance of the indictment. Prior to trial, Hoskins also challenged the State's motion to introduce the testimony of Taylor, the victim of a prior crime by Hoskins. The trial court decided to make an admissibility finding during the trial. Taylor was allowed to testify.

¶5. At trial, Taylor testified that she was also romantically involved with Hoskins, and that he physically abused her. Hoskins did not testify in his defense at trial. He was convicted and sentenced to twenty years in the custody of the Mississippi Department of Corrections. Hoskins filed a motion for a new trial and a motion for a judgment notwithstanding the verdict (JNOV). Both of the motions were denied by the trial court. Hoskins appeals.

**DISCUSSION**

I. **The trial court erred in allowing the prosecution to substantially amend the indictment by adding an essential element to charge Hoskins with domestic aggravated assault when the indictment only tracked the language of aggravated assault.**

¶6. Hoskins argues that the trial court erred in amending the indictment because a substantive change was made to the indictment. He contends the addition of the wording

3

"who had a romantic relationship with or was the girlfriend to Trevor Hoskins at the time of the aggravated assault" after the words "a person" in the indictment changed the charge from aggravated assault to domestic aggravated assault, which is a completely different charge governed by a separate statute.

¶7.    "The question of whether an indictment is legally sufficient is a question of law and must be reviewed de novo." *Weeks v. State,* 123 So. 3d 373, 377 (¶7) (Miss. 2013).

¶8.    We have previously stated that "[a]mendments to indictments should only be granted by a court during trial if the amendment pertains to a matter of form and not substance." *Graham v. State,* 935 So. 2d 1119, 1121 (¶8) (Miss. Ct. App. 2006) (citing *Mixon v. State,* 921 So. 2d 275, 280 (¶15) (Miss. 2005)).  "[A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." *Stevenson v. State,* 156 So. 3d 927, 930-31 (¶17) (Miss. Ct. App. 2015) (citing *Ellis v. State,* 469 So. 2d 1256, 1258 (Miss. 1985)).  In order to determine whether an amendment to the indictment will prejudice the defense, the test is "whether the initial defense will remain available after the amendment." *Lawson v. State,* 154 So. 3d 926, 932 (¶13) (Miss. Ct. App. 2015).

¶9.    In the case at hand, the indictment is titled "domestic aggravated assault" and cites Mississippi Code Annotated section 97-3-7(4) (Rev. 2014).  This section provides:

> (4)(a) When the offense is committed against a current or former spouse of the defendant or a child of that person, a person living as a spouse or who formerly lived as a spouse with the defendant or a child of that person, a parent, grandparent, child, grandchild or someone similarly situated to the defendant, a person who has a current or former dating relationship with the defendant,

4

or a person with whom the defendant has had a biological or legally adopted child, a person is guilty of aggravated domestic violence who:

> (i) Attempts to cause serious bodily injury to another, or causes such an injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

> (ii) Attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or

> (iii) Strangles, or attempts to strangle another.

> Upon conviction, the defendant shall be punished by imprisonment in the custody of the Department of Corrections for not less than two (2) nor more than twenty (20) years.

Miss. Code Ann. § 97-3-7(4)(a). It is clear from the indictment's title and its citation of the statute that the intended charge was domestic aggravated assault. The State sought to amend the indictment to correct the scrivener's error. An indictment can be amended by the trial court as to form, but the court cannot change the substance of the offense charged. *Hensley v. State,* 156 So. 3d 346, 349 (¶10) (Miss. Ct. App. 2014) (citing URCCC 7.09). We find this was an amendment as to form. Further, the motion to amend the indictment was filed on March 15, 2013, and the trial commenced on October 2, 2013, several months after the motion was filed. Hoskins had plenty of notice of the changes suggested by the State. For these reasons, this issue has no merit.

**II. The trial court improperly allowed Taylor's testimony to be used as character evidence against Hoskins**.

¶10. Hoskins argues that Taylor's testimony that he assaulted Taylor months before is evidence of a prior bad act and should not have been admitted into evidence at trial. Hoskins

5

argues that there was no probative connection between Taylor's assault and the present case against Hoskins.

¶11. The State argued that Taylor's testimony fell within an exception to the general prohibition against character evidence because it was relevant to "his . . . knowledge, intent, lack of mistake, plan, [and] motive." The trial court overruled Hoskins's objection and allowed Taylor to testify. Taylor testified that in February 2012, a few months prior to the crime, she was the victim of an assault by Hoskins. Taylor also testified that she was a previous girlfriend of Hoskins and sustained serious injuries. Taylor stated that, at the time of trial, she still suffered the effects of Hoskins's assault.

¶12. "The trial court 'enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses this discretion so as to be prejudicial to the accused, this Court will not reverse the ruling." *Kirk v. State,* 160 So. 3d 685, 698 (¶37) (Miss. 2015) (quoting *Ferguson v. State,* 137 So. 3d 240, 245 (¶17) (Miss. 2014)). Further, according to Mississippi Rule of Evidence 402, "[a]ll relevant evidence is admissible . . . . Evidence which is not relevant is not admissible."

¶13. The general rule is that evidence of a previous crime or prior bad act is inadmissible. *Jones v. State,* 904 So. 2d 149, 152 (¶6) (Miss. 2005). Rule 404(b) of the Mississippi Rules of Evidence provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶14. We have previously held that "[p]roof of another crime or act is admissible where necessary to identify the defendant, to prove motive, or to prove state of mind." *Richardson v. State,* 911 So. 2d 1026, 1028 (¶9) (Miss. Ct. App. 2005) (citing *Brown v. State,* 890 So. 2d 901, 912 (¶32) (Miss. 2004)). In order to determine whether evidence of prior bad acts is admissible, "we use a two-pronged analysis: 'the evidence offered must (1) be relevant to prove a material issue other than the defendant's character; and (2) the probative value of the evidence must outweigh the prejudicial effect as required by Mississippi Rule of Evidence 403." *Stone v. State,* 94 So. 3d 1078, 1084 (¶18) (Miss. 2012).

¶15. Here, both elements are satisfied. Taylor's testimony was offered to prove the knowledge, intent, lack of mistake, plan, and motive of Hoskins in committing the assault. Secondly, the probative value of the testimony outweighed the prejudicial effect on Hoskins. Taylor's assault occurred mere months before the incident that lead to the charges in this case. Therefore, we find that the trial court did not abuse its discretion in allowing Taylor to testify.

¶16. Even if this Court were to find that the admission of Taylor's testimony was improper, it would not constitute reversible error. The Mississippi Supreme Court has held that "[a]n error is harmless when it is apparent on the face of the record that a fair-minded jury could have arrived at no verdict other than that of guilty." *McKee v. State,* 791 So. 2d 804, 810 (¶24) (Miss. 2001) (citing *Floyd v. City of Crystal Springs,* 749 So. 2d 110, 120 (Miss. 1999)). Further, "[w]here the prejudice from an erroneous admission of evidence dims in comparison to other overwhelming evidence, this Court has refused to reverse." *Sims v. State,* 928 So. 2d 984, 990 (¶33) (Miss. Ct. App. 2006) (citing *Carter v. State,* 722 So. 2d

1258, 1262 (¶14) (Miss. 1998)). Here, the evidence of Hoskins's guilt is overwhelming, and

a fair-minded juror could have arrived at no other verdict than guilty. Therefore, this issue

is without merit.

¶17.    **THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF DOMESTIC AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCE TO RUN CONSECUTIVELY TO ALL TIME TO BE SERVED IN WASHINGTON COUNTY CAUSE NUMBER 2012-0315, AND TO PAY $10,656.62 IN RESTITUTION AND $500 TO THE CRIME VICTIMS' COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., ISHEE AND CARLTON, JJ., CONCUR. IRVING, P.J., MAXWELL AND FAIR, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING.**