GRIFFIS, J.,
for the Court.
¶ 1. The Mississippi Bureau of Narcotics (“MBN”) brought a forfeiture action against Kendrick Terrell Cowan for the sum of $12,974.54 that was taken from Cowan during a traffic stop. On appeal, Cowan argues that: (1) his motion for summary judgment was improperly denied; (2) expert testimony was improperly admitted; (3) the verdict was against the overwhelming weight of the evidence; and (4) certain evidence gathered by the police was the product of an illegal search and seizure. We find no error and affirm.
FACTS
¶ 2. On March 29, 2006, Cowan was traveling with Roderick Cowan (“Roderick”) and Alvin Wiseman on Highway 78, while en route from Memphis, Tennessee to Atlanta, Georgia. The three men rented a car and were on their way to Atlanta, a “source city” for narcotics, where Cowan was going to buy a car advertised on the internet. The record is unclear as to whom was driving, but Roderick, who is Cowan’s brother, and Wiseman sat in the front seat. Cowan sat in the backseat.
¶ 3. While passing through New Albany, Mississippi, they were stopped for speeding by State Trooper Calvin Mangum. Trooper Mangum testified that he was suspicious of the car because it was a rental and all three occupants “broke their necks” turning around when they passed his patrol car. According to Trooper Man-gum, drug couriers use rental vehicles so they will not lose their personal vehicle if there is a seizure.
¶ 4. Trooper Mangum approached the car from the passenger side and knocked on the window twice. The passenger ignored Trooper Mangum, so he opened the front passenger side door. Trooper Man-gum testified that he immediately smelled burning marijuana. Trooper Mangum and Trooper Richard Vaughn removed the men from the vehicle, patted them down, and handcuffed them. During the pat down, the troopers found marijuana on Wiseman. Next, the troopers searched the car and found $12,974.54[1] vacuum packed and wrapped in a sports coat on the backseat and a Carpet Fresh spray can with a false bottom on the backseat floorboard. Trooper Mangum testified that drug dealers commonly vacuum seal money to prevent drug-sniffing dogs from detecting drug residue on the money.
¶ 5. At some point during the stop, Trooper Mangum called Agent Mike Foreman with MBN for assistance. During a search, officers discovered marijuana hidden on Wiseman and Roderick. Drugs were never found on Cowan.
¶ 6. Trooper Mangum turned over all the evidence, consisting of marijuana, money, and the Carpet Fresh spray can with the false bottom, to Agent Foreman. Agent Foreman testified that couriers commonly use items like the can to conceal illegal substances. Agent Foreman attended a Mistral aerosol test kit training seminar and is certified as a trainer. Over Cowan’s objection, Agent Foreman testified that he had performed a field test on the can, and it tested positive for cocaine residue. The can was not sent to the crime lab.
*763 ¶ 7. Prior to the hearing, Cowan moved for a summary judgment. The circuit judge found there were genuine issues of material fact and denied the motion. After a trial on the merits, the circuit judge found that the money was derived from the sale of illegal drugs and ordered it forfeited to MBN.
ANALYSIS

1. Was Cowan’s motion for summary judgment improperly denied?

¶ 8. Cowan argues that his motion for summary judgment should have been granted because the issues were conceded when the State did not respond. The State contends that Cowan’s motion was not timely and was properly denied.
¶ 9. “This Court employs a de novo standard of review of a lower court’s grant or denial of a summary judgment and examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” McMillan v. Rodriguez, 828 So.2d 1173, 1176-77(¶ 9) (Miss.2002). The evidence is “viewed in the light most favorable to the party against whom the motion has been made.” Id. at 1177(¶ 9). “If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment” should be granted. Id.
¶ 10. Cowan argues that because the State did not respond to his summary judgment motion or ask for additional time to respond, the issues were conceded. However, Cowan’s motion was served on August 30, 2007, five days prior to the hearing on September 4, 2007. Mississippi Rule of Civil Procedure 56(c) requires that a motion for summary judgment “be served at least ten days before the time fixed for the hearing.” The supreme court has recognized that Rule 56(c) represents “a procedural safeguard.” Pope v. Schroeder, 512 So.2d 905, 908 (Miss.1987). A circuit court should “require compliance with Rule 56(c) before entertaining a motion for summary judgment” and failure to do so can require reversal. Id. Because Cowan failed to comply with Rule 56(c), we find his argument lacks merit.
¶ 11. Cowan’s failure to comply with Rule 56(c) is dispositive; however, we will briefly address his claim that there were no genuine issues of material fact. Roderick swears in an affidavit that the “hair spray” can belongs to him, but Agent Foreman’s sworn affidavit states that Co-wan possessed the “air freshener” can. In reality, it was a Carpet Fresh can. Roderick misidentified the evidence while swearing to be its owner. Examining all the evidence in the light most favorable to the State, there was a genuine issue of material fact concerning ownership of the can. This argument lacks merit.

2. Was expert testimony improperly admitted?

¶ 12. Cowan contends that Agent Foreman’s expert testimony was improperly admitted because he was not qualified, tendered, or accepted as an expert.
¶ 13. The standard of review for the trial court’s admission or suppression of evidence is abuse of discretion. Haggerty v. Foster, 838 So.2d 948, 958(¶25) (Miss.2002). “The admission of expert testimony is addressed to the sound discretion of the trial judge.” Roberts v. Grafe Auto Co., 701 So.2d 1093, 1098 (Miss.1997). The supreme court has “held that where, in order to express opinion, a witness must possess some experience or expertise beyond that of an average, randomly selected adult, the opinion is expert opinion rather than lay opinion.” Walker v. State, 740 So.2d 873, 882(¶ 32) (Miss.1999) (citations omitted).
*764 ¶ 14. Cowan argues that Agent Foreman was not qualified, tendered, or accepted as an expert on the Mistral aerosol test kit, the field test that indicated there was cocaine residue in the spray can. Based on Mississippi Rule of Evidence 702, Agent Foreman’s testimony qualifies as expert testimony because it was based on his “knowledge, skill, experience, [and] training” in using the Mistral aerosol test kit. The supreme court has held: “[i]f the expert witness has not been first tendered as an expert, the expert opinion should not be allowed.” Walker, 740 So.2d at 882(¶ 33) (citing Sample v. State, 643 So.2d 524, 529 (Miss.1994)).
¶ 15. However, this Court has held that a defendant must object to the State’s failure to tender the witness as an expert to preserve the issue for appeal. Cowart v. State, 910 So.2d 726, 732(¶26) (Miss.Ct.App.2005). In Cowart, just as here, the State failed to tender its expert. Cowart did not object to the expert’s qualifications or that the expert was not formally tendered. Id. at (¶ 25). We held that “since Cowart failed to object and since he further accepted and cross-examined the witness as an expert, ... there was no reversible error in allowing [the expert’s] testimony, in spite of the failure to comply with the formality of tendering him as an expert.” Id. at (¶ 26).
¶ 16. Here, Cowan’s attorney first objected to Agent Foreman’s testimony stating: “he’s not qualified. He hasn’t been qualified as being competent to examine these so-called drug substances to determine what they are.” The circuit judge sustained the objection. Then Agent Foreman testified that he attended a training seminar and was certified to use the Mistral aerosol test kit and to train other officers on how to use the kit.
¶ 17. Again, Agent Foreman began to testify about the results of the field test. Cowan’s attorney then said, “[w]e are going to object.” But the circuit judge overruled this general objection. Cowan failed to object with specificity; however, it appears from the context of the record that this second objection was simply a renewal of his previous objection to Agent Foreman’s lack of qualifications.
¶ 18. After Cowan’s first objection, the circuit judge heard lengthy testimony about Agent Foreman’s knowledge and training on the use of the field test. Upon the consideration of this testimony, the circuit judge was satisfied that Agent Foreman was qualified to testify as an expert about the field test and overruled Cowan’s second objection.
¶ 19. Although Cowan did object to Agent Foreman’s testimony based on his lack qualifications concerning the field test, he failed to ever object because Agent Foreman was not formally tendered as an expert witness. Based on our decision in Cowart, we find that the circuit judge did not abuse his discretion by allowing Agent Foreman to testify about the results of the field test because Cowan did not object to the State’s failure to formally tender him as an expert. Thus, this issue is without merit.
S. Was the verdict against the overwhelming weight of the evidence?
¶ 20. “The appropriate standard of review in forfeiture cases is the familiar substantial evidence/clearly erroneous test.” City of Meridian v. Hodge, 632 So.2d 1309, 1311 (Miss.1994) (citations omitted). “A finding is ‘clearly erroneous’ when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.” UHS-Qualicare, Inc. v. Gulf Coast Cmty. Hosp., Inc., 525 So.2d 746, 754 (Miss.1987). *765 “This Court will not disturb a circuit court’s findings unless it has applied an erroneous legal standard to decide the question of fact.” Hodge, 632 So.2d at 1311.
¶ 21. Under Mississippi Code Annotated section 41-29-153(a)(5) and (7) (Supp.2008), money is subject to forfeiture if it has been “used, or intended for use, in violation” of the Uniform Controlled Substances Law and having been found in close proximity to forfeitable drug manufacturing or distributing paraphernalia. We must decide “whether, given all of the evidence considered together, a rational trier of fact may have found by a preponderance of the evidence that [the] funds were the product of or instrumentalities of violations of this state’s controlled substances act.” Hickman v. State, 592 So.2d 44, 48 (Miss.1991). The trier of fact may act on circumstantial evidence and inferences as well as direct evidence. Id. at 46. After reviewing the entire record, we find the circuit judge was not clearly erroneous when he found by a preponderance of the evidence that this money was drug related.
¶ 22. Cowan claims there is no reason to believe that the can found in the backseat belonged to him because Roderick swore that the can belonged to him. We disagree. First, Roderick misidentified the Carpet Fresh spray can as a hair spray can. Second, although Cowan claims he heard someone else claim the can on the day of the stop, he testified that he did not know who owned the can. Based on these inconsistencies, a reasonable trier of fact could find that Cowan owned the Carpet Fresh spray can.
¶23. Cowan argues that the lack of testing by the crime lab on the can is significant citing Evans v. City of Aberdeen, 925 So.2d 850 (Miss.Ct.App.2005). While the lack of testing by the crime lab is significant, here it is not dispositive because the can tested positive for cocaine residue in the field test.
¶ 24. Cowan was in a rental car on his way to Atlanta, a “source city” for narcotics, with a large amount of money vacuum sealed and a device for concealing drugs. Trooper Mangum testified that drug couriers use rental vehicles so they will not lose their personal vehicle if there is a seizure, and drug dealers commonly vacuum seal money to prevent drug-sniffing dogs from detecting drug residue on the money.
¶25. Cowan testified that he had not been a drug dealer since 2002. However, a search warrant executed nine days prior to the stop at issue in this appeal resulted in charges of possession with intent to distribute to which he pleaded guilty. While Cowan testified that he owned a record company, he did not know his income for 2005 or 2006, and he had not filed a tax return since 2000. In spite of his inability to show any legitimate employment, he testified that he had spent $40,000 on vehicles and an estimated $108,000 on living expenses in the last three years.
¶26. Considering all the evidence, a rational trier of fact could have found by a preponderance of the evidence that the funds were the product of or instrumental-ities of violations of the Uniform Controlled Substances Law and were found in close proximity to drug distributing paraphernalia.
A Was certain evidence gathered by the police the product of an illegal search and seizure?
¶ 27. Cowan claims that officers violated the Fourth and Fourteenth Amendments to the United States Constitution by searching him and seizing his property without a warrant. He claims that there was no probable cause or rea *766 sonable grounds to believe that he or the occupants of the vehicle had committed or were about to commit a crime.
¶ 28. Cowan first mentioned the validity of the search in his closing arguments. Cowan’s claim is procedurally barred because it was not brought before the circuit court when the evidence, the Carpet Fresh spray can, was introduced. “Issues not brought before the trial court are deemed waived and may not be raised for the first time on appeal.” Tate v. State, 912 So.2d 919, 928(¶27) (Miss.2005) (citing Wilcher v. State, 479 So.2d 710, 712 (Miss.1985)). This issue is waived.
¶29. Notwithstanding Cowan’s waiver, we will briefly address the merits of this issue. Cowan argues the search of the automobile, which yielded the money and the Carpet Fresh spray can, was illegal. However, the car was lawfully stopped for speeding. There was no evidence to the contrary. Trooper Mangum testified that he immediately smelled burning marijuana when he opened the front passenger side door. “Smell can be the basis for probable cause.” Townsend v. State, 681 So.2d 497, 502 (Miss.1996) (citations omitted). Once he smelled marijuana, Trooper Mangum had probable cause to search the vehicle. Trooper Mangum’s legal search of the vehicle yielded the money and the Carpet Fresh spray can. This issue has no merit.
¶ 30. THE JUDGMENT OF THE UNION COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. The actual amount is in dispute. Cowan claims it was $13,474.54.