ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Robert Robinson was convicted in March 2006 in the Bolivar County Circuit Court of four counts of possession of a controlled substances. Robinson was sentenced to the following: thirty years in the custody of the Mississippi Department of Corrections (MDOC) and to pay a $1,000,000 fine for Count I, possession of ecstasy or methylenedioxymethampheta-mine (MDMA); eight years in the custody
 
 *1150
 
 of the MDOC and a $100,000 fíne for Count II, possession of cocaine; three years in the custody of the MDOC and a $6,000 fine for Count III, illegal possession of marijuana; and one year in the custody of the MDOC and a $1,000 fíne for Count IV, illegal possession of alprazolam, all as a habitual offender without eligibility for parole or probation. Robinson then timely filed an appeal. This Court affirmed the circuit court’s conviction and sentence of Robinson on October 30, 2007.
 
 Robinson v.
 
 State, 967 So.2d 695 (Miss.Ct.App.2007). On January 15, 2009, Robinson received permission from the Mississippi Supreme Court to proceed with a PCR motion in the circuit court. Shortly thereafter, Robinson filed a motion for post-conviction relief (PCR) in the circuit court. The circuit court subsequently denied Robinson’s PCR motion. Robinson now appeals. Finding no error, we affirm.
 

 STATEMENT OF FACTS
 

 ¶2. On March 2, 2005, Robinson was pulled over for speeding in Bolivar County by Mississippi Highway Patrolman Dan Rawlinson. Officer Rawlinson testified that upon reaching the vehicle, he detected the smell of “raw marijuana” coming from the passenger’s area where Robinson’s nephew, William Wilson, was sitting. Furthermore, Officer Rawlinson noted the vehicle’s inspection sticker was expired, and later he discovered the vehicle identification number located inside the ear had been stripped and did not match the car’s description.
 

 ¶ 3. Officer Jacob Lott and his drug-sensing dog arrived at the scene at the request of Officer Rawlinson shortly after Robinson was pulled over. The dog alerted Officer Lott on two occasions to the presence of drugs inside the vehicle. After searching the vehicle, Officer Raw-linson discovered a bag in the trunk containing the following four controlled substances: ecstasy, cocaine, marijuana, and alprazolam. Robinson was arrested and charged with four counts of possession of a controlled substance.
 

 ¶4. Trial was set in the circuit court, and on May 4, 2006, a suppression hearing was held regarding Robinson’s motion that the evidence seized from his vehicle should be suppressed. Robinson’s counsel asserted that Officer Lott’s drug-sensing dog did not alert Officer Lott as to the drugs specifically found in the trunk of the car. Robinson’s counsel alleged the controlled substances were seized illegally because the officers were not authorized to search the trunk.
 

 ¶ 5. The circuit judge heard testimony from Officers Rawlinson and Lott. Officer Rawlinson testified that he smelled marijuana upon arriving at the driver’s door, and Officer Lott stated his dog sensed drugs on both the driver’s side and the passenger’s side of the vehicle. The circuit judge denied Robinson’s motion on the basis that the officers had probable cause to search the trunk for evidence of the crime of using illegal drugs.
 

 ¶ 6. Two days before the May 12, 2006 trial, the State moved to amend Robinson’s indictment to reflect that he was a habitual offender; therefore, Robinson was subject to a sentence enhancement under the habitual-offender statute. On the morning of the trial, the circuit court granted the State’s motion. The circuit court then proceeded with the trial, and the jury returned a verdict of guilty on all counts. After a pre-sentencing investigation and hearing, the circuit court sentenced Robinson on all four counts.
 

 ¶ 7. Robinson filed the instant PCR motion in the circuit court alleging the following errors: (1) he was improperly charged under Count I of the indictment against him; (2) his trial counsel was ineffective by
 
 *1151
 
 failing to object to the circuit judge’s sentencing; and (3) his appellate counsel was ineffective by failing to assign error in the direct appeal regarding the circuit judge’s sentencing and admitting into evidence the search of Robinson’s vehicle, and for failing to exhaust all state-court remedies, such that Robinson was unable to pursue potential federal relief through a writ of habeas corpus.
 

 ¶ 8. The circuit court issued a nineteen-page order denying Robinson’s PCR motion on June 1, 2010. Robinson now appeals, alleging that: he was improperly charged under Count I; his trial counsel was ineffective by failing to object to his sentence; and his appellate counsel was ineffective by failing to raise three issues requested by Robinson to be raised in his direct appeal.
 

 DISCUSSION
 

 I. Improper Indictment
 

 ¶ 9. Robinson claims he was improperly charged under Count I for possession of ecstasy or MDMA. He asserts the language in his indictment referencing MDMA did not match the language of the statute that controls illegal possession of MDMA. “The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this Court.”
 
 Nguyen v. State,
 
 761 So.2d 873, 874 (¶ 3) (Miss.2000) (citation omitted).
 

 ¶ 10. However, Robinson admits that he failed to raise this issue either in his direct appeal or in his PCR motion. Instead, he urges this Court to invoke the “plain-error doctrine” under by Mississippi Rule of Evidence 103(d). Rule 103(d) states a court may, of its own accord, take “notice of plain errors affecting substantial rights although they were not brought to the attention of the court.” It is within the discretion of this Court whether reversal under the plain-error doctrine is appropriate.
 
 Id.
 
 (at cmt. (d)).
 

 ¶ 11. Robinson claims the language contained in his indictment did not properly meet the legal requirements for specificity because it did not include statutory language regarding the sale of MDMA. Robinson’s indictment reads as follows:
 

 That ROBERT LEE ROBINSON, ... on or about March 2, 2005; ... did unlawfully, wilfully and feloniously, and without authority of law, have in his possession a certain controlled substance, to-wit: ecstasy or methylenedi-oxymethamphetamine (MDMA), a Schedule I controlled substance as listed in Section 41-29-113(c)(4) of the Mississippi Code of 1972 Annotated, as amended, in an amount greater than 40 dosage units....
 

 Mississippi Code Annotated section 41-29-113(c)(4) (Rev.2001) was the applicable statute in effect at the time of Robinson’s indictment and convictions and listed the following as the Schedule I drug in question: “3,4-methylenedioxymethampheta-mine (MDMA).”
 

 ¶ 12. In support of his argument that his indictment was fatally flawed, Robinson draws our attention to
 
 Copeland v. State,
 
 423 So.2d 1333 (Miss.1982). In
 
 Copeland,
 
 James Copeland was charged with “unlawfully selling, ‘a quantity of me-thylenedioxy amphetamine, a controlled substance.’ ”
 
 Id.
 
 at 1336. After Copeland was convicted by a jury, he appealed claiming the indictment did not meet specificity requirements.
 
 Id.
 
 Copeland asserted that the statute under which he was convicted stated the controlled substance at issue as “3, 4 methylenedioxy amphetamine,” and not merely “methylenedioxy amphetamine.”
 
 Id.
 
 He argued the indictment’s failure to list the appropriately scheduled drug invalidated the indictment
 
 *1152
 
 and, hence, his conviction.
 
 Id.
 
 The Mississippi Supreme Court agreed and held “the indictment failed to charge a crime and is therefore void.”
 
 Id.
 
 at 1337.
 

 ¶ 13. While the facts of
 
 Copeland
 
 are similar to those in the present case, there is one striking difference. Contrary to
 
 Copeland,
 
 Robinson’s indictment specifically stated that he had violated Mississippi Code Annotated section 41-29-113(c)(4), which is the applicable statute and subsection listing “3,4-methylenediox-ymethamphetamine (MDMA)” as an illegal controlled substance. Because Robinson’s indictment explicitly referenced the statute under which he was convicted, we cannot find that it failed to include all material facts necessary to charge Robinson with the crime at hand. This issue is without merit.
 

 II. Trial Counsel’s Failure to Object to Sentencing
 

 ¶ 14. It is well settled that the standard of review when discussing a claim of ineffective assistance of counsel is the two-prong analysis originally set forth by the United States Supreme Court in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prove ineffective assistance of counsel, Robinson must show: “First, ... that counsel’s performance was deficient. ... Second, ... that the deficient performance prejudiced the defense.”
 
 Liddell v. State,
 
 7 So.3d 217, 219 (¶ 6) (Miss.2009) (quoting
 
 Strickland,
 
 466 U.S. at 687, 104 S.Ct. 2052). Furthermore, “[i]n considering a claim of ineffective assistance of counsel, an appellate court must strongly presume that counsel’s conduct falls within a wide range of reasonable professional assistance.”
 
 Id.
 
 at 219 (¶ 6) (quoting
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052).
 

 ¶ 15. Robinson asserts that he received ineffective assistance of counsel when his trial counsel failed to object to the circuit court’s imposition of the maximum sentences for each count of which Robinson was convicted. Because Robinson was classified as a habitual offender, his sentence was subject to enhancement under Mississippi Code Annotated section 99-19-81 (Rev.2000). Section 99-19-81 reads:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 ¶ 16. The statute clearly states that a trial judge “shall” impose the maximum term of imprisonment detailed for each offense once a defendant has been deemed a habitual offender.
 
 Id.
 
 Accordingly, the circuit judge in the instant case was required to sentence Robinson to the maximum amount of jail time allotted for each offense. While the statute is silent as to any imposition of fines, the circuit judge in this case assessed fines within the prescribed limits of each count’s governing statute.
 

 ¶ 17. This Court has stated, “the three factors to look at when determining whether a sentence is proportional are: ‘(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction^] and (3) the sentences imposed for commission of the same crime in
 
 *1153
 
 other jurisdictions.’ ”
 
 Gray v. State,
 
 926 So.2d 961, 979 (¶ 63) (Miss.Ct.App.2006) (quoting
 
 Willis v. State,
 
 911 So.2d 947, 951 (¶ 17) (Miss.2005)). Furthermore, “when sentences are within the limits of the statute, the imposition of such sentences is within the sound discretion of the trial court, and [an appellate court] will not reverse them.”
 
 Presley v. State,
 
 474 So.2d 612, 620 (Miss.1985) (citations omitted).
 

 ¶ 18. In sum, Robinson’s sentences of imprisonment and fines were proper. The circuit judge was required to sentence Robinson to the maximum amount of imprisonment for each count of his conviction. The fines issued by the circuit judge fell within the permitted statutory fine amounts for each count of Robinson’s conviction. As such, we find Robinson’s ineffective-assistance-of-counsel allegation is without merit.
 

 III. Appellate Counsel’s Ineffective Assistance of Counsel
 

 A. Failure to Assign Error in the Direct Appeal
 

 ¶ 19. Our aforementioned analysis regarding Robinson’s claim that the circuit judge improperly sentenced him is disposi-tive to Robinson’s first assignment of error that his appellate counsel was ineffective in failing to raise the proportionality of his sentence on direct appeal.
 
 [1]
 
 Accordingly, we incorporate our prior discussion regarding ineffective assistance of counsel with respect to Robinson’s sentences and find his first assignment of error as to his appellate counsel is without merit.
 

 ¶ 20. Robinson next claims his appellate counsel committed reversible error by failing to argue that the circuit court erred in allowing into evidence the drugs found during Officers Rawlinson and Lott’s search of Robinson’s trunk. In the circuit judge’s order denying Robinson’s motion to suppress, the judge stated that “under the automobile exception, [the] police may conduct a warrantless search of an automobile and any containers therein if they have probable cause to believe that it contains contraband or evidence of crime.” This Court has recently reiterated that “[s]mell can be the basis for probable cause,” with respect to illegal drugs.
 
 Cowan v. Miss. Bureau of Narcotics,
 
 2 So.3d 759, 766 (¶ 29) (Miss.Ct.App.2009) (quoting
 
 Townsend v. State,
 
 681 So.2d 497, 502 (Miss.1996)).
 
 Cowan
 
 dealt with a similar set of facts: the defendant had been stopped for speeding; an officer approached the vehicle and smelled marijuana; and the officer then conducted a search of the vehicle wherein he discovered illegal drugs.
 
 Id.
 
 We held that once the officer in
 
 Cowan
 
 smelled the marijuana, he had probable cause to search the vehicle for controlled substances.
 
 Id.
 

 ¶ 21. Likewise, the circuit court was correct in ruling that the search of the vehicle in the instant case was proper. As such, it was not reversible error for Robinson’s appellate counsel to fail to raise the issue on direct appeal. Robinson’s appellate counsel’s actions do not rise to the level required to fulfill the
 
 Strickland
 
 test for ineffective assistance of counsel.
 

 B. Failure to Exhaust All State Court Remedies
 

 ¶ 22. In Robinson’s appeal, he references his counsel’s failure to seek final review from the Mississippi Supreme Court in the form of a motion for rehearing or writ of certiorari. He claims that failure to do so prevented him from pursuing habeas corpus relief in federal court.
 
 *1154
 
 Specifically, Robinson’s entire argument on the issue is as follows:
 

 The point of Appellant’s argument relates to 29 U.S.C. [section] 2241 and related sections dealing with habeas corpus in the federal court system. The allegation was the Appellant’s counsel was directed to seek final review from the Mississippi Supreme Court so that he could file a federal court petition.
 
 See Davis v. State,
 
 954 So.2d 530 (¶ 4) (Miss. [Ct.] App.2007). Whether or not this Court would have concluded that the two-prong test adopted in
 
 Alexander v. State
 
 would have caused this Court to reverse the ruling in
 
 Robinson v. State,
 
 it is clear that Appellant was prejudiced to the extent that he could not pursue remedies in federal court.
 

 Having reviewed 29 United States Code section 2241, Robinson’s argument fails. The section referenced was repealed in November 1998 and dealt with “Technology Related Assistance for Individuals with Disabilities” and “Training and Demonstration Projects” therein. However, 28 United States Code section 2254 is titled “State custody; remedies in Federal courts,” and governs habeas corpus petitions filed in federal court concerning state-court convictions. Therein, the statute mandates that all applicants for federal habeas corpus relief must have “exhausted the remedies available in the courts of the State.”
 
 Id.
 

 ¶ 23. Here, we acknowledge that Robinson’s appellate counsel failed to file a motion for rehearing or a writ of certiorari with the Mississippi Supreme Court following this Court’s denial of Robinson’s direct appeal. Our research reflects that it is possible the failure to seek review of a direct appeal through a motion for rehearing or writ of certiorari may equate to a failure to exhaust state remedies as required by 28 United States Code section 2254(c).
 
 See Towner v. Waller,
 
 2006 WL 2514121 (S.D.Miss.2006). However, we have also found that “failure to exhaust is not a jurisdictional or inflexible bar to the grant of federal habeas relief to a state prisoner.”
 
 Gilbert v. Kelley,
 
 2009 WL 260792, slip op. at 3 (N.D.Miss.2009) (citing
 
 Granberry v. Greer,
 
 481 U.S. 129, 131, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987)). The United States Supreme Court has held “there are some cases in which it is appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion [of state-court remedies.]”
 
 Granberry,
 
 481 U.S. at 131, 107 S.Ct. 1671. “Although there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies, his failure to do so is not an absolute bar to appellate consideration of his claims.”
 
 Id.
 

 ¶ 24. Additionally, the case of
 
 Jackson v. Johnson,
 
 217 F.3d 360 (5th Cir.2000), provides substantial direction on the issue at hand. In
 
 Jackson,
 
 Stevie Don Jackson was convicted in a Texas state court of aggravated assault and later filed a federal writ of habeas corpus that was denied by the federal district court.
 
 Id.
 
 at 361. The United States Circuit Court of Appeals for the Fifth Circuit reviewed Jackson’s case solely on the issue of “whether Jackson’s attorney rendered ineffective assistance of counsel because he failed to file a timely motion for rehearing from Jackson’s first appeal of right.”
 
 Id.
 
 In its analysis, the Fifth Circuit concluded:
 

 Jackson cannot have received constitutionally deficient counsel on his motion for rehearing, however, if he had no constitutional right to counsel for purposes of filing a rehearing motion. “A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals.” When a state grants a criminal defendant an ap
 
 *1155
 
 peal of right, the Constitution requires only that the defendant’s claims be “once ... presented by a lawyer and passed upon by an appellate court.” Not only does a motion for rehearing come after the appellate court has passed on the claims; there can be no question that the granting of a motion for rehearing lies entirely within the discretion of a court of appeals. Rehearing at that point is by no means an appeal of right. We conclude that a criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal.”
 

 Id.
 
 at 364-65 (internal citations and footnotes omitted). As such, we cannot find error in the circuit court’s determination that Robinson’s appellate counsel’s actions did not rise to the level of constitutionally ineffective assistance of counsel. This issue is without merit.
 

 ¶ 25. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.
 

 [1]
 

 . We must note that Robinson is represented by different counsel in his current appeal than in all prior proceedings.