ROBERTS, J.,
for the Court:
¶ 1. Rachel Ryals Smith appeals her conviction for felony driving under the influence (DUI). Smith claims the indictment against her was legally insufficient; the prosecution failed to prove Smith had been convicted of DUI three times within five years; the circuit court erroneously admitted Smith’s statements to law enforcement; and the circuit court erroneously allowed the prosecution to reopen its casein-chief to enter an essential element of proof. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On February 20, 2009, shortly after midnight, Mississippi Highway Patrol Officer Willie Triplett responded to a dispatch call for a one-vehicle accident on Highway 19 in Neshoba County. Upon arriving at the scene, he found a vehicle that had apparently left the highway, overturned, and ended up back on the highway facing the wrong direction. Medical and fire department personnel were with Smith, who denied she was injured. In speaking with Smith about the accident, Trooper Triplett detected alcohol on her breath and noticed her speech was slurred. When asked if she had been drinking, Smith responded that she had consumed a few beers earlier in the evening. Trooper Triplett administered a portable breath test that detected the presence of alcohol. A subsequent Intoxilyzer 8000 test indicated that Smith’s breath-alcohol content was 0.11 percent. Smith was arrested for driving under the influence.
¶3. A grand jury indicted Smith for felony driving under the influence. At trial, the prosecution called Trooper Triplett as its only witness. After the prosecution had rested, Smith moved for a directed verdict because the prosecution had not presented evidence of Smith’s two pri- or DUI convictions. The prosecution successfully moved to reopen its case-in-chief. Over Smith’s objection, the prosecution presented evidence of Smith’s two prior DUI convictions.
¶ 4. The jury found Smith guilty of felony DUI. The circuit court sentenced Smith to two years in the custody of the Mississippi Department of Corrections and fined her $2,000. Aggrieved, Smith appeals.
ANALYSIS
I. SUFFICIENCY OF THE INDICTMENT
¶ 5. Smith claims the indictment is defective in that it charges her with having .08% “weight volume of alcohol in her blood.” Noting that the Mississippi statute regarding DUI references “alcohol concentration” rather than “weight volume,” Smith argues that she could not understand what the indictment charged. Because the legal sufficiency of an indictment is a question of law, we review this issue de novo. Tran v. State, 962 So.2d 1237, 1240 (¶ 12) (Miss.2007).
¶ 6. Rule 7.06. of the Mississippi Uniform Rules of Circuit and County Court Practice provides:
*36 The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them.
“It is a well-established principle of law that in order for an indictment to be sufficient, it must contain the essential elements of the crime charged.” Gray v. State, 728 So.2d 36, 69 (¶ 167) (Miss.1998) (citation omitted). An indictment is legally sufficient if the accused is given fair notice of the charge he faces from a reading of the indictment as a whole. Smallwood v. State, 584 So.2d 733, 738 (Miss.1991).
¶ 7. The indictment against Smith charged her with operating a motor vehicle while “having eight one-hundredths percent (.08%) or more by weight volume of alcohol in her blood.”[1] (Emphasis added). Mississippi Code Annotated section 63-11-30(l)(c) (Supp.2011) states that it is “unlawful for any person to drive or otherwise operate a vehicle within this state” if that person “has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law.” (Emphasis added).
¶ 8. In Robinson v. State, 75 So.3d 1148, 1151 (¶ 9) (Miss.Ct.App.2011), Robert Robinson claimed the indictment against him was legally insufficient because the indictment charged him with possession of me-thylenedioxymethamphetamine (MDMA) but it did not track the language of the Mississippi statute that prohibits possession of MDMA by the name “3, 4-methy-lenedioxymethamphetamine.” This Court found no merit to Robinson’s claim on appeal because the indictment specifically referenced the statute Robinson was accused of violating. Id. at 1152 (¶ 13). Similarly, the indictment against Smith stated that she was charged with violating section 63-11-30(1)(c). Section 63-11-30(l)(c) includes the phrase “alcohol content” rather than “weight volume.” Accordingly, we find that the indictment against Smith included sufficient information to place her on notice regarding the charge she faced. Therefore, we find no merit to this issue.
II. SUFFICIENCY OF THE EVIDENCE
¶ 9. In this issue, Smith claims the circuit court erred when it sentenced her as a felon. According to Smith, there was insufficient evidence to convict her of felony DUI because the prosecution did not demonstrate that she had been convicted of two prior DUI offenses within five years of her most recent DUI conviction. Smith notes that her most recent DUI conviction occurred on July 8, 2010, and her two prior convictions occurred on April 27, 2004, and August 31, 2006. Smith reasons that the circuit court should have sentenced her for a misdemeanor DUI offense.
¶ 10. As the Mississippi Supreme Court has stated:
in considering whether the evidence is sufficient to sustain a conviction in the face of a motion for [a] directed verdict or for [a JNOV], the critical inquiry is whether the evidence shows beyond a *37 reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.... [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Should the facts and inferences considered in a challenge to the sufficiency of the evidence point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render.
Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (internal citations and quotations omitted). However, this Court will determine there was sufficient evidence to sustain the jury’s verdict if the evidence was “of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense.” Id. (internal citations and quotations omitted).
¶ 11. Smith is mistaken regarding the essential elements of felony DUI. Section 63-ll-30(2)(c) states that “for any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony.” (Emphasis added). In Smith v. State, 950 So.2d 1056, 1058 (¶ 10) (Miss.Ct.App.2007), this Court stated that section 63-11-30(2)(c) “requires that the offenses must have been committed within a period of five years of each other, not the convictions.” “Evidence of both the date the offense was committed, normally the date of the arrest, and that the arrest/offense resulted in a conviction are necessary to sustain a conviction under [s]ection 63-ll-30(2)(c).” Id.
¶ 12. Regarding the evidence of Smith’s prior DUI offenses, the prosecution submitted two documents into the evidence. Exhibit S-5 was a certified copy of Smith’s judgment of DUI conviction, which was described as her second DUI offense, in the Kosciusko municipal court.[2] Smith committed that offense on April 5, 2004. When Smith pled guilty, the municipal court judge warned her that a third DUI offense in the future would result in being charged with a felony.
¶ 13. Exhibit S-6 was a certified copy of a judgment of conviction for Smith’s previous felony DUI offense. Smith pled guilty before the Attala County Circuit Court on August 31, 2006. The judgment of Smith’s previous felony DUI conviction bore the cause number 2006-0066CR. That reflects that the indictment was returned in 2006, before Smith pled guilty to that offense on August 31, 2006. Furthermore, when the prosecutor submitted Exhibit S-6 in the jury’s presence, he stated, ‘Tour Honor, we would also move to introduce a certified copy from the Attala County Circuit Court for an offense dating May 17, 2006, and a [jjudgment entered August 31, 2006 for the crime of felony *38 DUI.” Smith’s trial attorney did not object to the prosecutor’s statement regarding the date of the offense.
¶ 14. In fact, Smith’s trial attorney never challenged the adequacy of Exhibits S-5 and S-6. Smith has a different attorney on appeal. Similar to her trial attorney, Smith’s appellate attorney does not claim that the prosecution failed to demonstrate that she committed her most recent DUI offense within five years of her two previous DUI offenses. Mississippi Rule of Appellate Procedure 28(a)(3) prohibits this Court’s review of an issue not raised on appeal. However, Rule 28(a)(3) provides an exception that “the court may, at its option, notice a plain error not identified or distinctly specified.”
¶ 15. The dissent would find the circuit court committed plain error. We may address issues as plain error only “when the error of the trial court has impacted upon a fundamental right of the defendant.” Sanders v. State, 678 So.2d 663, 670 (Miss.1996). “The plain error doctrine has been construed to include anything that ‘seriously affects the fairness, integrity or public reputation of judicial proceedings.’ ” Porter v. State, 749 So.2d 250, 261 (¶ 36) (Miss.Ct.App.1999) (quoting United States v. Olano, 507 U.S. 725, 732-35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).
¶ 16. This Court has addressed as plain error instances regarding the sufficiency of the evidence when the State has failed to prove an element of a crime. Carr v. State, 770 So.2d 1025, 1030 (¶ 16) (Miss.Ct.App.2000); see also Jones v. State, 724 So.2d 427, 430 (¶ 13) (Miss.Ct.App.1998) (On sufficiency of evidence, though procedural waiver of issue existed, plain error caused court to consider issue because of difficulty in concluding a criminal conviction could be affirmed if there was no evidence to prove one or more elements of the offense.) However, more often than not, such issues have been disposed under the rationale that “[i]t is fundamental that the trial court will not be reversed for failing to grant relief that was not requested.” Taylor v. State, 754 So.2d 598, 606 (¶ 21) (Miss.Ct.App.2000) (emphasis added) (citing Chase v. State, 645 So.2d 829, 846 (Miss.1994); Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988)). “A trial judge will not be found in error on a matter not presented to him for decision.” Fulgham v. State, 770 So.2d 1021, 1023 (¶ 4) (Miss.Ct.App.2000). We have also declined to consider an issue on appeal when a criminal appellant failed to brief a challenge to the sufficiency of the evidence. Odom v. State, 769 So.2d 189, 198-99 (¶ 34) (Miss.Ct.App.2000).
¶ 17. We decline to find plain error in this case. Without objection from Smith’s trial attorney, the prosecutor successfully submitted jury instruction S-l. That jury instruction states:
The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that ... Smith ... did willfully, unlawfully!,] and feloniously operate a motor vehicle while under the influence of intoxicating liquor .., at a time when [she] ... previously had been twice convicted and sentenced within five (5). years under the same statute, then it is your duty to find [Smith] guilty as charged.
Smith’s trial attorney did not object to the misstatement of law in jury instruction S-1. Not only that, Smith’s own jury instruction on the essential elements of the case, which was designated as jury instruction D-7, instructed the jury as follows:
Before you can return a verdict of guilty, you must find from the evidence in this case beyond a reasonable doubt that ... [Smith] was operating a motor vehicle while under the influence of intoxicating liquor ... having previously *39 been twice convicted and sentenced for this same offense within five (5) years.
¶ 18. Nothing in the record indicates that the jury’s verdict “seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.” Porter v. State, 749 So.2d 250, 261 (¶ 36) (Miss.Ct.App.1999) (quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Nor is there an error “so fundamental that ... it would be a substantial miscarriage of justice to permit” Smith’s conviction to stand. Carr v. State, 770 So.2d 1025, 1030 (¶ 16) (Miss.Ct.App.2000). Under the precise circumstances of this case — specifically the matters discussed above — it is inappropriate to analyze this issue as plain error — thereby raising the issue on Smith’s behalf sua sponte when her trial attorney never raised it in the circuit court and her appellate attorney never raised it here. There is no merit to this issue.
III. ADMISSIBILITY OF SMITH’S PRE-MIRANDA STATEMENTS
¶ 19. Trooper Triplett testified that he had not given Smith a Miranda warning before he asked her whether she had been drinking. When Trooper Triplett began to testify what Smith had said in response to his question, Smith’s trial attorney objected. The circuit court overruled the objection and Trooper Triplett went on to testify that Smith had said “she had had a few beers earlier.” Additionally, Trooper Triplett testified that Smith told him that she had been driving. Trooper Triplett explained that he asked Smith those questions because he was investigating the accident and “it was [his] job as part of investigating the accident to find out who is injured and who is the driver.”
¶ 20. Smith claims the circuit court erred when it allowed Trooper Triplett to testify regarding her responses to his initial questions. According to Smith, her responses were inadmissible because Trooper Triplett had not informed her of her rights pursuant to the United States Supreme Court’s familiar decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The standard of review regarding the admission of evidence in a criminal case is abuse of discretion. Shaw v. State, 938 So.2d 853, 857 (¶ 9) (Miss.Ct.App.2005) (citation omitted). However, the circuit court must exercise its discretion within the boundaries of the Mississippi Rules of Evidence. Id.
¶ 21. The Supreme Court stated that its decision in Miranda was “not intended to hamper the traditional function of police officers in investigating crime.... General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding.” Miranda, 384 U.S. at 477, 86 S.Ct. 1602. “In a non-custodial setting where interrogation is investigatory in nature (general on-the-scene-investigation), Miranda warnings are not required in order that a defendant’s statements be admissible.” Hopkins v. State, 799 So.2d 874, 878 (¶ 7) (Miss.2001). Trooper Triplett was required to give Smith a Miranda warning if Smith was in custody. Id. “The test for whether a person is in custody is whether a reasonable person would feel he was in custody and depends upon the totality of the circumstances.” Id. (citations omitted). “The key to determining if the questioning of a person is a custodial interrogation within the meaning of Miranda is whether the defendant is deprived of his freedom of action in any significant manner and whether he is aware of such restraint.” Id. (citation omitted).
¶ 22. Smith was not under arrest when Trooper Triplett asked her whether *40 she had been drinking. Trooper Triplett did not testify regarding any statement Smith made after he arrested her — which was after he observed that she had been driving under the influence of alcohol. Smith was not deprived of her freedom in any manner whatsoever when Trooper Triplett asked questions intended to further his investigation of the one-vehicle accident. Trooper Triplett did not arrest Smith until after he had determined that she had been driving under the influence of alcohol. Accordingly, we find no merit to this issue.
IV. REOPENING OF THE PROSECUTION’S CASE-IN-CHIEF
¶ 23. After the prosecution announced that it was resting its case-in-chief, Smith moved for a directed verdict on the basis that the prosecution had not presented evidence that Smith had two prior convictions for DUI. The circuit court asked the prosecution to respond. The following exchange then occurred:
[THE PROSECUTOR]: Judge, my apologies to the Court. We normally read those into the record during jury instructions. Is that not my understanding as far as procedure? The Court asked if I had any other witnesses, and I stated that I did not.
BY THE COURT: No, ... it’s the burden of proof to show that within the past five years she had been twice previously — the jury will make that — that’s a jury question.
[THE PROSECUTOR]: Yes, Your Honor. I apologize. I misunderstood the instructions of the Court. We have both of the abstracts of the previous DUIs, certified copies here with me, Your Honor. It was my misunderstanding.
BY THE COURT: Do you move to reopen the case?
[THE PROSECUTOR]: Yes, Your Honor. I apologize, once again, to the Court. I misunderstood the instructions of the Court.
BY THE COURT: Do you have an objection?
[SMITH’S TRIAL ATTORNEY]: I do, Your Honor. Of course, that completely prejudices my client. We’re at a point in this trial where I have actually got up and raised my motion for a directed verdict, Your Honor. I am who put the State on alert by virtue of my motion. Your Honor, of course, I have to raise the issue of how it prejudices my client at this point if the Court will allow the State to reopen its case.
BY THE COURT: I think under the circumstances of this case, it would be proper. Your objection is overruled. I’m going to sustain the request of the prosecutor to reopen the case for further development of evidence.
¶ 24. According to Smith, the circuit court “violated its duty of impartiality in a criminal trial.” Citing the Fourteenth Amendment to the United States Constitution and Ward v. Village of Monroeville, Ohio, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), Smith states that “[d]ue process requires that the trial judge be impartial and ensure that the accused receives a fair trial.” Smith then reasons that “[i]n trying to assure that the jury had all the information it needed to render the most just verdict, the [circuit] [c]ourt violated its duty of impartiality required as an element of due process.”
¶ 25. “Trial courts must not allow the state to reopen its case unless there is mere inadvertence or some other compelling circumstance and no substantial prejudice will result.” Lyle v. State, 987 So.2d 948, 951 (¶ 13) (Miss.2008). According to the prosecutor, he thought the circuit *41 court had indicated earlier in an off-the-record discussion that the proper procedure was to read evidence of Smith’s two prior DUI offenses “into the record during jury instructions.” After the circuit court informed him that he was incorrect, the prosecutor explained that he “misunderstood the instructions of the [cjourt.” The prosecutor further explained that he had in hand certified copies of the abstracts of Smith’s two prior DUI offenses.
¶ 26. It is clear that the prosecutor’s failure to introduce evidence of Smith’s two prior DUI offenses was due to mere inadvertence in the form of a misunderstanding of the circuit court’s instructions. Although the circuit court’s decision arguably resulted in Smith’s conviction for felony DUI rather than a misdemeanor offense, Smith did not suffer substantial prejudice as a result of the circuit court’s decision to allow the prosecution to reopen its case-in-chief. Obviously, Smith’s trial attorney was prepared to defend Smith on a felony DUI charge which required the prosecution to prove two or more arrests and convictions for DUI. The circuit court’s decision did not invalidate Smith’s theory of the case or substantially delay Smith’s trial. We find no merit to Smith’s claim that the circuit court erred when it allowed the prosecution to reopen its casein-chief.
¶ 27. As for Smith’s claim that the circuit court was partial to the prosecution, we find no merit to that claim either. Although the circuit court asked the prosecution whether it moved to reopen its casein-chief, the circuit court did no less for Smith when it asked her trial attorney whether he objected to the prosecution’s motion. Thus, the circuit court “prompted” both the prosecution and Smith’s trial attorney during the same exchange. Accordingly, the circuit court treated both sides equally and did not act partial to the prosecution. It follows that this issue is meritless.
¶ 28. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
IRVING, P.J., CARLTON and FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN RESULT ONLY. BARNES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., GRIFFIS, P.J., ISHEE AND RUSSELL, JJ.

. The measure of alcohol in one’s system by "weight volume” is not unfamiliar in our jurisprudence. Mississippi Code Annotated section 59 — 23—7(l)(c) (Rev.2004) makes it "unlawful for any person to operate a watercraft on the public waters of this state” if that person ”[h]as eight one-hundredths percent (.08%) or more by weight volume of alcohol in the person’s blood.” (Emphasis added).

. The record does not reflect the date of Smith's first DUI offense or the date she was convicted of that offense. For our purposes, Smith’s second overall DUI offense and conviction is the first sequential offense that led to her sentence for felony DUI. In other words, Smith’s most recent DUI conviction is her fourth conviction for DUI and her second conviction for felony DUI.